UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL MCGORE,

Plaintiff(s),

v.

MARUCHAN RAMEN NOODLE SOUP CO., et al,

Defendant(s).

Case No. 26-cv-13793

Honorable Robert J. White

**OPINION AND ORDER DENYING THE APPLICATION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE AND DISMISSING THE COMPLAINT**

Michigan inmate Darryl McGore commenced this 42 U.S.C. § 1983 action claiming that he ate ramen noodle soup and other items purchased at a prison store that made him ill. The complaint names the Maruchan Noodle Soup Company and unidentified employees as the defendants and seeks monetary damages. Before the Court is McGore's application to proceed without prepaying the filing fee. (ECF No. 2). For the following reasons, the Court will (1) deny the application to proceed without prepayment of fees or costs, and (2) dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915(g).

Under the Prison Litigation Reform Act of 1996 ("PLRA"), a prisoner may be precluded from proceeding without prepayment of the filing fee in a civil action under certain circumstances. The statute provides, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In short, the "three strikes" provision requires the Court to dismiss a civil case when a prisoner seeks to proceed without prepayment of the filing fee if, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. *Id.*; *see also Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)").

McGore is a prolific litigator in federal court. The Court's records reveal that he has filed at least three prior civil actions which have been dismissed as frivolous and/or for failure to state a claim upon which relief may be granted. *See, e.g.,*

*McGore v. Michigan Supreme Ct. Judges*, No. 94-cv-00517 (W.D. Mich. Jan. 25, 1995); *McGore v. Nardi*, No. 93-cv-00137 (W.D. Mich. Aug. 2, 1993); *McGore v. Stine*, No. 93-cv-00112 (W.D. Mich. Jul. 26, 1993); *McGore v. Stine*, No. 93-cv-00077 (W.D. Mich. Apr. 30, 1993); *see also McGore v. Kavanaugh, et al.*, No. 24-cv-12602 (E.D. Mich. Nov. 12, 2024) (listing additional cases). Although some of the dismissals were entered before the PLRA's enactment, they nevertheless count as strikes. *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir.1998).

McGore is also on notice of his three-strike status. He has previously been denied leave to proceed *in forma pauperis* for having three strikes numerous times. *See, e.g., McGore v. Deborah Labelle, et al.*, No. 25-cv-10542 (E.D. Mich. May 1, 2025); *McGore v. Internal Revenue Svs.*, No. 24-cv-12760 (E.D. Mich. Dec. 6, 2024); *Kavanaugh, supra* (listing cases); *McGore v. United States Supreme Ct. Justices*, No. 19-00244 (W.D. Mich. Dec. 13, 2019) (finding that McGore "has been denied leave to proceed *in forma pauperis* on more than 50 occasions for having three strikes").

All this is to say that McGore is a "three-striker" who cannot proceed without prepayment of the filing fee unless he can demonstrate that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To fall within this statutory exception, a prisoner must allege that the threat or prison condition is "real and

proximate" and the danger of serious physical injury must exist at the time the complaint is filed. *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008). An assertion of past danger is insufficient to invoke the exception. *Id*. McGore does not allege any facts which indicate that he is under imminent danger of serious physical injury. He complains of a past injury exclusively. As a result, he is not allowed to proceed with this lawsuit absent prepayment of the filing fee. Accordingly,

IT IS ORDERED that the application to proceed without prepayment of fees and costs (ECF No. 2) is denied.

IT IS FURTHER ORDERED that the complaint (ECF No. 1) is dismissed, pursuant to 28 U.S.C. § 1915(g), without prejudice.

IT IS FURTHER ORDERED that McGore may file a new complaint with full payment of the required filing and administrative fees.

IT IS FURTHER ORDERED that an appeal from this ruling would be frivolous and cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

IT IS FURTHER ORDERED that the Clerk of the Court is directed to close the case.

_s/Robert J. White________________
Robert J. White
United States District Judge

Dated: October 9, 2026