UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL MCGORE,

Plaintiff,

v.

MARUCHAN RAMEN NOODLE SOUP CO., et al,

Defendants.

Case No. 26-cv-13793

Honorable Robert J. White

**ORDER DENYING PLAINTIFF'S MOTION FOR A NEW TRIAL**

Michigan inmate Darryl McGore commenced this 42 U.S.C. § 1983 action claiming that he ate ramen noodle soup and other items purchased at a prison store that made him ill. The complaint names the Maruchan Noodle Soup Company and unidentified employees as the defendants and seeks monetary damages. (ECF No. 1). The Court previously denied McGore's application to proceed without prepayment of fees or costs and dismissed the complaint without prejudice pursuant to 28 U.S.C. § 1915(g). (ECF No. 4).

Before the Court is McGore's motion for a new trial pursuant to Federal Rule of Civil Procedure 59. (ECF No. 6). Because no trial has occurred in this case, the

Court construes the motion as seeking to alter or amend the judgment pursuant to Rule 59(e).[1]

A district court may grant a motion to alter or amend a judgment under Rule 59(e) if there is (1) a clear error of law, (2) newly discovered evidence, (3) an intervening change in controlling law, or (4) a need to prevent manifest injustice. *See Brumley v. United Parcel Service, Inc.*, 909 F.3d 834, 841 (6th Cir. 2018).

McGore makes no such showing. He instead disagrees with the prior decision and appears to allege that the Court erred in finding that he was not under imminent danger of serious physical injury when he filed the complaint. But a Rule 59(e) motion may not be used to relitigate issues of disagreement with a court's initial ruling. *See Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (explaining that Rule 59(e) allows for reconsideration; it does not permit parties to effectively reargue a case); *see also Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). So McGore fails to show that the Court erred or that he is otherwise entitled to Rule 59(e) relief. Accordingly,

---

[1] The Court did not issue a judgment when it dismissed the complaint. But it did enter a final order. (ECF No. 4). The United States Court of Appeals for the Sixth Circuit "construes such orders as final judgments for purposes of Rule 59(e)." *Clark v. Jefferson Cnty.*, No. 25-6090, 2026 U.S. App. LEXIS 22422, at *4 (6th Cir. Jul. 27, 2026); *see also Keith v. Bobby*, 618 F.3d 594, 597 (6th Cir. 2010).

IT IS ORDERED that McGore's motion for a new trial (ECF No. 6) is denied.

Dated: November 10, 2026

s/Robert J. White
Robert J. White
United States District Judge